I should mention to my colleagues and to those in the room, if you think that returning here sometime in the future after a clerkship is just a rather remote possibility. Quinn Sorensen's one of the examples, as he was one of my first clerks on the Third Circuit. I remember it with fondness. Thank you, Your Honor. And thank you to all of your honors. I may please record my name is Quinn Sorensen and I do represent the defendant in this case, Mark Minichella. I'd like to reserve three minutes for rebuttal, if I may. Granted. Thank you so much. The original judgment of sentence in this case is not one that can be characterized as resulting from an error that was clear from the face of the record as it existed at the time of sentencing, or one that would have been subject to reversal had it been appealed at that time. This seems to be an unusual case, at least I will confess that I have not seen a case, the Rule 35 cases seem to be not too frequent, not too frequent in terms of opinions from courts of appeals, but especially when I say rather unusual here, procedurally rather unusual in the way this unfolded. So could you, for our benefit, kind of set the scene, if you will, how this unfolded and resulted in the filing by the government of this motion? Certainly, Your Honor, and thank you. So the original sentencing in this case took place on August 6, 2020, and at that time there was a departure motion filed by the government, a motion for downward departure under 3553E, that is a downward departure from the otherwise applicable statutory mandatory minimum, which would have been 240 months at that time. A pre-sentence report had been issued before that as a standard process, and what that pre-sentence report originally determined was that the guidelines range would be 240 to 262. That range was amended by the second addendum to the pre-sentence report, which determined that it would normally be 188 to 235 months, but due to the statutory mandatory minimum, it was 240 months under the guidelines. When sentencing proceeded, it was bifurcated into two stages. The first stage was for consideration of the downward departure motion itself. Which was not, in a real sense, the sentencing itself. It was kind of a preliminary stage pursuant to the 3553E motion, right? That's exactly right. It was a predicate. And there was a ruling, effectively, on that motion at that time in the closed-slash-sealed proceeding. Yes, sir. That's exactly correct. The district court said, at this point in time, I'm considering the downward departure motion itself. I'm going to consider the extent of the downward departure I'm going to grant, if any, based on the factors enumerated in Torres. So there is what is presumably a very cautionary step taken here in closing the proceeding, sealing the record there, given what obviously was the cooperation or the proffered cooperation of the defendant. Exactly. And the court went through, in fairly good detail, all of the Torres factors, assistance-related only, and determined that it would grant the downward departure motion. Now, at that time, it did not state the extent of the departure. But, again, it stated at page, and this is page 125 of the appendix, that that is what the determination was going to be at that time. It was going to determine the extent of the departure motion. And then at the end of the hearing, or that portion of the hearing, it stated that the downward departure motion was granted. And then they moved on to what would traditionally be called a sentencing proceeding. At which point the proceeding is opened. Exactly. And the court first said to the parties and determined that I adopt the pre-sentence report and the guideline range calculated therein. Now, at that point, of course, the departure motion from the statutory mandatory minimum had been granted. So the court said that the original, as calculated in the pre-sentence report, 188 to 235 months applied. That was the guidelines range. No objection. The court then said, following the procedure in Gunter, that are there any departure motions? There were no departure motions because the only departure motion had already been assessed. And that was from the statutory mandatory minimum. But prior to his actually imposing the sentence that was imposed, he uses the term varied, doesn't he? He does. And that is appropriate. Why? Well, because the guidelines range at that point was 188 to 235. So if he is going to go below 188, that is a variance from the guidelines. What does 3553E and the 5K1, actually 5K1, explicitly refer to? A departure, doesn't it? Well, it is a departure, but they're two separate departures, actually. The 5K1.1 is a departure from the guidelines range. That is not what was applied here by the court's own determination, as set at the sentencing portion of the hearing. We are not considering other departure motions. I've already considered the departure motion, and it's 188 to 235. Well, but he doesn't say that in the open proceeding. No, he does say that. He says there are no departure motions. I've already considered. There are no departure motions at present time. And that is because the only departure motion was the 3553E departure motion. That is a departure under the statutory mandatory. Does 5K1.1, should it have entered into this sentence at all? Well, I think it had to because if you go back to Torres, Weinbarger, what the courts basically say in those circumstances, when you're assessing a departure under 3553E, you kind of take into account the factors that are considered under 5K1.1. You mentioned Weinbarger. How do we get beyond Weinbarger? It sounds to me, when reading these cases, that even if we agreed with you, that we're bond by the Weinbarger decision as a panel. Well, because I don't think Weinbarger, well, there's two answers at least to your question, Your Honor. One is that I don't think there was any violation of Weinbarger necessarily on the record here. And that is because, as I just indicated, that that first part, that first stage of the sentencing proceeding, what the district court did is say, I'm going to determine the extent of the departure based only on the Torres factors. Now, he didn't state the extent of the departure, but he said that's all I'm considering. But that's at the heart of the problem here, isn't it, for both sides? He didn't declare what the extent of the departure was. He did not state that on the court. We had a record here, and perhaps closure is a big reason why this occurred. But if we had a record here which made clear the court's reasons for why it did what it did, we might not be where we are right now, right? Well, I don't think we would be where we are right now unless there was obviously the later correction. But I think the point here, maybe the most salient point to your question, Judge Fischer, is that what we're talking about here is not merely error. Whether there was a possible arguable violation of Weinbarger is kind of irrelevant to some degree. It's whether it's clear from the record as it existed. And there was no violation expressed on the record based on those sentencing transcripts. And again, because we have a departure motion that is addressed at one stage of the proceeding, finalized. After that, the court goes into its second full sentencing proceeding. It doesn't consider that state explicitly that we're no longer considering departures. So at that point in time, it's no longer considering the departure motion. What it's considering is how to impose sentence within the departure that has already been granted. And since the court ultimately held that the sentence of 120 months as a variance was appropriate, that necessarily presumptively shows that it had already stated that the 120-month departure was warranted under 3553. So if there was a violation of Weinbarger, it's not clear from the face of the record. And even if you get to the district court's order granting the correction of sentence, it's not clear from that statement that there was an error or violation of Weinbarger. I mean, the district court obviously thought it clearly erred, right? I think we can agree the only reason we're here is because the district court, upon receiving the motion under Rule 35, makes a determination quite explicitly that it does not believe that it followed the process. So your argument then, I guess, is that the district court didn't have the authority to make that decision, that its determination that it had clearly erred is outside the scope of its authority under Rule 35. And therefore, even though it believes it clearly erred, it doesn't have the power to correct the sentence. And so what happened is what it states. Well, to some degree. I believe the district court's statement that it clearly erred is neither determinative nor even particularly relevant at this stage. And that is because clear error is a question of law that is reviewed by this court de novo. Right. You're saying the district court's conclusion that it clearly erred under Rule 35 is an error of the law. Exactly. Its error was not at the sentence. Its error was in the interpretation of Rule 35. Of clear error. Yes, sir. And just so I think you've made this point, but your argument that there's no clear error here is what? Why is this not clear? Why is the district court's determination not legally correct that its analysis of Weinberger, the operation of 3553A and E was impermissible and therefore clearly erroneous, requiring its correction after the imposition of the sentence? Well, the principal reason would be, as I kind of got to a little bit earlier, is that, and this is under the language of the advisory committee notes to Rule 35, is that the error, to be clear, must be one that is obvious at the time of sentencing and one that would result in. Ah, yes, obvious and temporarily at the time of sentence. Why aren't you suggesting to us that if it was so obvious, why didn't the government point it out at the time instead of waiting 13 days to file a motion? And thank you for leading on to my next point, Your Honor, leading me down the primrose path. That is a very salient point. At any time during these proceedings, the government had every opportunity to object. That is at the initial stage of the proceeding when. But if that's the standard, then what does Rule 35 ever do? I mean, if obviousness has to be measured by the actual objection concurrent with the error, then how could there ever be clear error that needed to be corrected after the fact? It would seem as though Rule 35 becomes null. I agree the government could have said, hold on a moment here. The district court could have done it. Anyone could have caught it. But the point of Rule 35, as I read it, is to say, despite that opportunity, there is a clear error, and you've brought it to the court's attention within 14 days. So how does your kind of waiver point, you've made a waiver point, sort of an obvious point, how does that help? Well, the obvious point is that the very terms of the rule will talk about arithmetical, technical, or other clear error. Those arithmetical, technical errors are something of the sort that if the court announces at the time of the sentence that I'm not going to determine that the sentence should be 120 months, and then in the judgment of sentence, it ends up being written down as 180 months. That is something that neither party objected to, but it would be an arithmetical, technical objection that would be correctable under Rule 35. And all the case law emphasizes the narrowness of the circumstances to which 35 is applicable, does it not? Very much so, Your Honor. And I think there are cases from other circuits that really are very analogous, if not precisely analogous, to this case. One of them being United States v. Orario from the Sixth Circuit, in which there was a determination made by the district court post-sentencing that it incorrectly determined the extent of the downward departure based on the guideline sentence rather than the statutory mandatory minimum. That was an error, and it was an error that was acknowledged by the district court post hoc as one that required reversal. It went up on appeal to the Sixth Circuit, and the Sixth Circuit said, No, we don't assess it based on what the district court later determined or whether there was potentially an error. What we determine is whether it was obvious at the time. And because it was not obvious at the time, because the district court was exercising discretion in its determination, that was not an error that rose to the level of clear error. And then if you get to United States v. Houston, also from the Sixth Circuit, that is one case in which the court of appeals explicitly applied plain error analysis over top of the clear error analysis when there was a circumstance in which the parties could have, should have, objected to the error at the time of sentencing. And the court of appeals said, In that circumstance, you have to also meet plain error analysis, and you cannot do that because you haven't shown an abridgment of substantial rights or anything that would undermine the integrity of the judicial process. And I would say that the same analysis must and should apply here, meaning that because the objections could have been raised, and because the error decided does not really explicitly appear of the record as it existed, Rule 35A does not come into play. Mr. Fisher, was there any indication at the initial sentencing hearing that the district court considered the 3553A factors in its determination? In its departure determination? Yes. None at all? At the first stage of those proceedings? At the first stage. He explicitly said, I'm considering Torres, Torres alone. That was what he analyzed, and he said, That's all I'm considering for the extent of the departure. And when, again, when they went to the full sentencing proceeding, that is when he said, No further departure. We're not talking about that anymore. Now I'm getting into 3553A. And that is exactly what Torres, Weinberger, other cases call for. Okay. Thank you. Judge Meaney, anything further? Yeah, I just want to make sure I follow it. Are you arguing that the best reading of Rule 35A is that the clear error that's identified must be technical or arithmetic? Well, it must be linked to that. I mean, that's the definite, when 35A is written in that way, arithmetical, technical, or other clear error. So when we're talking about defining clear error, it must be linked back to those other two concepts. It must be something that is so, again, to use the advisory committee notes, obvious at the time, obvious from the record as it existed, that everybody realizes that it would be a waste of judicial resources to take it up on appeal. And that's really what 35A is all about. That's why they had the 14-day requirement that is within the notice of appeal deadline. Because we are only talking about errors in this circumstance that are so clear, that are so plain from the record, that it would simply result in almost summary reversal. Right. But you don't need to go to the advisory committee note, right, to make your argument. You can say it's obvious. One could argue that the error of the law here was obvious. But it doesn't matter because it's not technical or arithmetic, and therefore it doesn't reach within the scope of appeal. I agree you could make that argument, Your Honor, and I think that's a fine way to read it. Do we have to reach, for your purposes, the interpretation of other clear error here? I think the discussion that just took place, at least in part, went to the canon of construction, as used to generous that where general words follow specific words. Other would necessarily be, though implicitly, tethered to the two antecedents, the arithmetical, the technical. Do we have to reach that at all here? I do not believe you do, Your Honor, and that's because even if you struck out the first part of that phrase from Rule 35A, that is it applies only if there is clear error. If that's how it was written, you would still come down to the same basic result in this case, and that is what is the plain meaning of clear? That is something that is obvious. That is something that is plain from the face of the record as it existed. And then you get to the point, well, was there clear error on this particular record? And as we just explained with Judge Fischer and I just explained, or I explained with Judge Fischer, there was no clear error. You're not clerking for him anymore. No, no, no. I got confused. Not working in concert here. No, but, I mean, if you just take clear error alone and take any error could satisfy this, well, you still don't get there because any error that occurred here, even if it was legal in nature, whatever it was, was not clear. Thank you very much for your time. Thank you. You did reserve rebuttal time, did you not? I did, three minutes. Thank you. Ms. Olszewski. Thank you, Your Honors. Good morning. My name is Michelle Olszewski, and I represent the United States of America in this case. This court, Your Honors, should affirm the district court's amended judgment concerning and correcting its original sentence, which was clearly erroneous. All right. Let's stop right there with respect to the clearly part. What happened between the date this sentence was imposed, which I believe was August 6th of last year, between that date and the date that the government filed the Rule 35 motion? Yes, Your Honor. On August 6th, 2020, as is the district court's practice, the motion for departure filed by the government pursuant to Section 3553E was a sealed proceeding, and that occurred. And the government laid out the factors as to why we believed or recommended a 24-month departure based upon the defendant's substantial assistance. Mr. Minichella essentially agreed with the government's review of his cooperation. The court then went through the Torres factors. In my reading of the record, nowhere do I see where the court says, I'm going to hold off on the amount of departure I'm going to grant. The record indicates that the court said, I'm going to grant the government's motion for departure, albeit the court says pursuant to 5K1.1, and the government's motion was pursuant to Section 3553E. And the government recommended a downward departure of 24 months to 216, is that right? Correct, because there is a mandatory minimum sentence in this case, and the only way to untie the district court's hands to allow the court to depart from a mandatory minimum sentence is pursuant to 3553E, and we did that. Yeah, the government holds all the cards. We former district judges know that we don't have the authority to do that sui sponte, but we do have the authority to determine how much. And it's a limited authority. How so? It's not limited in terms of amount or length, is it? Well, it's limited by a defendant's substantial assistance. Well, in your view, of course, but you may see substantial assistance along with other factors differently from how the district court sees them, right? I totally agree, Your Honor. This is the justice system being administered. So in the first instance, just in terms of the extent of the departure itself, Judge Brand didn't do anything wrong, did he? In the first sealed part of the proceeding? No, not the sealed part, the actual sentence itself. What was wrong with that? He had the authority without more to have departed downward that far, did he not? There was nothing constraining him in terms of the amount. Had he not considered non-cooperation factors in varying the way he did, he could have departed down to 120 months if it was based upon only During the actual open sentencing proceeding. In the actual opening sentencing proceedings, the district court said, I'm going to choose to vary. And I'm going to choose to vary. Why didn't you object? It was error on my part not to object, Your Honor. But under Rule 35A, in the government's view, Rule 35A does not anticipate an immediate objection to an arithmetic or mathematical, technical or other clear error and provides a window of 14 days to recognize immediately. Isn't that stretching clear error beyond what the rule intended? I don't think so, Your Honor. We talked about the word obvious. Mr. Sorensen equated clear error to obvious. What made this decision at the original sentencing date obvious? What made it obvious is because it was a clear Weinberger error. The precedent set by this court in Weinberger in 2011 said that when a court departs based on factors unrelated to substantial assistance, that court errors. Yes, but from the record, from the record at the original sentencing, which was the basis of your 35A motion, okay, 11 days later you filed a 35A motion. What on that record showed that he went beyond the 3553E factors to get to the 120 months? The district court's order amending judgment said, I erred and this is how I know it. No, no, no, no, no. That's not what I said. I said what was on the record at the date of the original sentencing that showed that the district court went beyond the scope of 3553E? Because when the court turned to an open sentencing, the court never referenced the departure again and actually operated under the guidelines of 188 to 235 months. And then the entire remaining aspect of sentencing was based upon 3553A, and the court specifically used the words, I'm choosing to vary down based upon the defendant's age, based upon the defendant's own addiction, based upon the defendant's childhood, based upon the defendant's lack of a significant. In and of itself, there's nothing wrong with that, is there? I mean, the court was required, was he not, for purposes of the original sentencing? To consider the 3553A factor. I disagree, Your Honor. Not when there's a mandatory minimum sentence. Well, that's not my point. But didn't you raise those factors? You discussed the history and characteristics of the defendant? In response to a defense argument, yes. Okay. Well, you raised them. Well, this court. Let's put it this way. You addressed them. I did address them, Your Honor. And this was an error that was immediately perceived post-sentencing. That's why Rule 35A was. Immediately post-sentencing. That sounds a bit oxymoronic to me. Explain that, please. Because, I go back to my office and my appellate chief, I explained to him. But once you had the transcript, you identified it? No. My appellate chief said the court did not have the authority to vary in the manner that the court did. And my appellate chief said, Weinberger, this is a Weinberger error. So I immediately filed my Rule 35 motion because this is a clear error. And the district court said, I erred. And this is why I erred. I relied on factors. And then court order said, I relied on factors. I was not permitted to rely on. So are you saying when you have a mandatory minimum, here we had 240 months, okay? 240 months. And you also had a 3553A departure motion, okay? You had some cooperation. Are you saying that as a sentencing, the district court is not allowed to look or consider any of the 3553A factors? This court said that, Your Honor. No, you just said that to me a little bit ago in response to a question that I asked. And your response is flat out wrong. The district court is required to consider 3553A, the original sentencing. Not for purposes of the departure or variance, which is at the heart of this appeal, but required for purposes of determining what an appropriate sentence is. Your Honor, I would respectfully disagree with the court having the discretion to consider 3553A factors when there's a mandatory minimum sentence that has been constitutionally approved by Congress. And Booker and its progeny did nothing to expand a district court's authority when there's a mandatory minimum sentence. You know, that just doesn't make sense to me for this reason. We had the Cassiano decision out there. You know, there are times in which the government wants to argue, well, you could go down to 180 months, but this level of cooperation from this defendant who has this background really doesn't warrant that much. You know, take a look at 3553A and maybe you won't go all the way to 180 months or 24 months, whatever the issue was. It just seems that you're arguing something that is not contemplated. And 3553E even makes reference to the guidelines and policy statements issued by the Sentencing Commission. Yes, Your Honor. So, I mean. And I have two responses for that. In Cassiano, this court slightly departed from other districts when it comes to mandatory minimum sentences and consideration of 3553A factors. And this court said, when it looked in Cassiano, that that court considered the gravity of the offense and the harm to the victim to limit the departure that the government was asking for in that case. And this court said, that's okay. You can look at 3553A if the court is inclined to limit the departure, but not the other way. And this court in Weinberger said, had Cassiano, had the Cassiano court looked at those factors to broaden that departure, it would have been error. And the Supreme Court has said in Melendez that, United States v. Melendez, that district courts have no authority to depart down from mandatory minimum sentences unless and until the government files a 3553E motion. And the Melendez court specifically looked at that second sentence and interpreted that second sentence as telling the Sentencing Commission to make sure this is, make sure that the district courts don't go beyond this. And the Supreme Court has said that. And that's what that second sentence, that's when you look at 994N, when it comes to mandatory minimum sentences. So that would be my response to that, Your Honor. And as I said in Cassiano, this court said it would have been error. And Weinberger, the Weinberger decision articulated all of this, 3553E, compared and contrasted 3553E with 3553F, and found a stark contrast between the language in those two sections of the law. And by saying the 3553E, the language is clear. Congress said, so as to reflect, and 35, the substantial assistance of the defendant. And in 3553F, so-called safety valve, the Congress has said, never mind the mandatory minimum sentence if the safety valve factors are met, and you can sentence under the guidelines without regard to the mandatory minimum sentence. So those are two sections under the law where this court looked to and said, when Congress wants to be unambiguous, it can be. When it wants to be clear, it can be. And it was clear in that case. Let me try one more time. A district court grants a 5K1.1 motion that you have filed. And under 5K1.1 and 3553E, the court, the sentencing court, determines that completely unrelated to the 3553A factors, he will depart downward to 120 months. Okay? Solely on the basis of a 5K1.1 and 3553E. That's now the bottom. He's got the discretion to do that, right? Up to that point, correct? He does, as long as it's based on substantial assistance. Yes. Well, you wouldn't be there for anything else under 5K1.1. Now, he proceeds from that bottom to impose a sentence and to explain his reasons for why he is sentencing. And he chooses not to impose a sentence any greater than the amount to which he has reduced, because of substantial assistance, to 120 months. Are you saying that at that point in imposing sentence, he cannot and should not consider 3553A? Let me repeat. He has already made his departure for substantial assistance solely on the basis of 5K1.1 and 3553E. I believe a district court has the discretion to grant a larger departure than recommended by the government based on substantial assistance. That's how we got to 120 months, in my hypothetical. And it would have to be, if a court did that, the court has the discretion to do that. But that's not what this court did. I'm not saying that's what this court did. In fact, if a district court, including this one, had explained explicitly, as I'm suggesting, and I think the situation was exacerbated by the wholly appropriate bifurcation here that took place for safety reasons. I understand that. I sentenced people for 18 years. We wouldn't be here. We wouldn't have the problem we have right now. We'd have an explanation. But I simply wanted to try to make clear here what I know to be the case and what I was hoping you would concede, is that it's an obligation of a sentencing judge to consider 3553A, even if the substantial assistance has been granted, so long as the substantial assistance departure has been granted solely for purposes of 3553E and 5K1.1. I will not concede that respectfully, Your Honor, and this is why. Someday you'll sentence someone sometime. Any other questions? Yeah, if it's possible, Chief, I'd like to just return to the text of the rule for a moment. Does the government agree that Rule 35A is limited to technical, arithmetical, or other clear errors that are in the record, or do you think it's a broader allowance for error correction? I think you would have to point to something in the record, Your Honor, to support that, and it would certainly have to be perceived within that 14-day window of opportunity before the district court is divested of its jurisdiction. And in this case, in the government's view, a clear Weinbarger error occurred such that it was perceived, it was corrected, and the court acknowledged I erred. And what is your view on the best reading of 35A, where it says arithmetical, technical, or other clear error? Do you look at this as limiting the district court's ability to correct for only specified kinds of clear error, or do you look at it as having a broader application? I don't believe it has a broader application, Your Honor. I believe it has a narrow application, and I don't believe it's intended for objections to have been raised and addressed at sentencing. No, I understand that, but you're saying it doesn't have to be technical or arithmetical. Absolutely, it does not have to be. Why is that? Because of the language of Rule 35A, which says mathematical, technical, or other clear error. You don't read or other clear error as being linked to arithmetical or technical. I do not, Your Honor. I don't understand. How do you get me there? Because it says or other clear error, or it says it does not say or other error related to a mathematical or technical issue. Okay. Thank you. May I just finish with one statement, Your Honor, to address what seems to be a large concern of yours? My only concern is that you don't understand the application of 3553A. I just want to convey that this court in Weinberger acknowledged that this might appear harsh and that it's difficult when a district court judge finds a defendant that perhaps feels was unjustly caught up in a mandatory minimum sentence. But this court in Weinberger said this is our interpretation of the law, and this concern that Your Honor appears to have is better addressed to Congress and not the courts. And so I think that's what happened here in this case. The district court didn't have the authority to exercise its discretion that it felt it had. The court is required to state its reasons. Thank you. Thank you, Your Honor. Mr. Shorenson. Thank you, Your Honor. There were a couple points made that I agree with by my colleague. One was that the error must appear in the record as it existed at the time of sentencing, and two, that there is a limitation of some sort imposed by Rule 35 on the types of error that can be considered for these purposes. And one of those limitations that is recognized explicitly by the advisory committee notes is that it cannot be an error related to the district court's exercise of discretion. It cannot be a circumstance in which the district court is simply reassessed. But isn't the question for us a determination as to whether or not the sentence that was handed down was a clear error? Yes. Okay. Why can't we look at that subsequent record determination when the district court considered the 35A motion and said, I made a mistake here? Why isn't that sufficient for us to make a determination that the original sentence was clearly erroneous? I think under the very terms of the rule itself, it must be a clear error, and to be a clear error, it must be one that appears in the record. And this district court's subsequent determination. Record of what? I mean, isn't there necessarily a temporal component here? A temporal component. A temporal component. If it's clear, isn't it clear at the time? At the time of sentencing, that is. Not to be backfilled later on by the district judge declaring a legal matter. Correct. Not his intention. And that, of course, is a problem when we get into the cases that suggest that it's effectively reconsideration rather than the identification of a clear error. And a clear error. But, I mean, again, as you go to the advisory committee notes, what they explain is that it must be such that it would have been reversed on appeal had that original judgment been appealed. So it must be assessed at the time of sentencing without the post hoc rationalizations of the district court. Now, that being said, again, here we don't have any error, and this is getting to some of the questions that you were asking, Judge Smith, and this is a matter of discretion. Did the district court have discretion to depart to 120 months at the time of the original sentencing proceeding, that first stage? And there is no question that it had that authority. So it had authority to go to 120, and that's what it said it did based on the Torres factors. Did it have authority after it had done that, and discretion after it had done that at the second stage, to adopt the pre-sentence report guidelines range of 188 to 235? It did have that authority, and that's what it did. Did it have authority, obligation even, to thereafter consider 3553A factors and vary, if it felt it appropriate, down to and including 120 months, which is now the statutory and mandatory minimum. So it's going from 180, which is the guidelines range, and it's varying down to the 120 mark. And that's completely permissible and an exercise of discretion that cannot be reconsidered under 35A. And the only error that might have infected the proceedings such that 35A might have been applicable is if the district court, at that second stage of the proceeding, had characterized its decision to go to 120 from 288 as a departure rather than a variance. Mr. Sorensen, let me read you one excerpt from page 66 of the record. At the original sentencing, the district court announced that it had considered the nature and circumstances of Minichiello's offense, together with the history and characteristics of the defendant, looking at section 3553A1. Yes, sir. Okay. Do you acknowledge that was said at the first sentencing hearing? Well, that's at the second stage. That's at the full sentencing hearing, yes. At the open proceeding. Exactly. But that's exactly what the district court was obligated to do at that stage. Now, go ahead. Okay. But isn't that, if in fact the district court did that, and the district court said it did, isn't that clear error based on the argument that your opposing counsel was making? Not at all, Your Honor, because the district court at that time was not characterizing it as part of the departure determination. It said that that was already done. We're not doing departures anymore. What we're doing now is assuming that I've already finished my departure determination, and now I'm going to 3553A, and I have to consider whether to vary from the guidelines range, based on the new statutory mandatory minimum, which we can assume at that point, 120 was what it had determined. And finally, if I might just take one more second of your time, getting to the fact that no objection was raised. That is a problem not only because its standard plain error review would apply on appeal, but again, under the advisory committee notes, you get confirmation that the district court should apply the same analysis when it says this rule is not intended to relax any requirement, that objections be raised and preserved at the original time if they can be. Here, that was the case, and the failure to do so results in finding that plain error cannot be satisfied. Thank you very much, counsel. We thank you for your arguments. I would ask that the transcript be prepared of the oral argument in this case. We'll take the matter on.